UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
TAMARA A. ADRINE-DAVIS,          :    CASE NO. 1:15-CV-0342
                                 :
     Plaintiff,                 :
                                 :
                                 :
vs.                              :    OPINION & ORDER
                                 :
KEY BANK NATIONAL ASSOCIATION,   :
                                 :
     Defendant.                 :
                                 :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

**Background/Introduction**

*Pro se* plaintiff, Tamara A. Adrine-Davis, filed this action seeking to enjoin a sheriff's sale ordered by the Cuyahoga County Court of Common Pleas – pursuant to a judgment of foreclosure – in *KeyBank National Association v. Tamara Adrine-Davis*, CV-13-1814734 (Cuyahoga Cty. Court of Common Pleas). On October 15, 2014, the state court entered a judgment of foreclosure in connection with property at issue in this case (3498 Monticello Boulevard in Cleveland Heights, Ohio). On January 16, 2015, the state court issued an order scheduling the property to be sold at a sheriff's sale on February 23, 2015.

The plaintiff filed this action in this Court on February 22, 2015, asserting she is a severely disabled person unable to withdraw from the property in a "timely fashion." She asks

this Court, in an "Emergency Motion for Preliminary Injunction to Halt Sheriff's Sale" (Doc. No. 3), to enjoin the sheriff's sale ordered in the state foreclosure case "until her physicians deem it safe for her to undertake a change in residence that includes removal of her belongings." The plaintiff has also filed a motion to proceed *in forma pauperis*. (Doc. No. 2.)

The plaintiff's motion to proceed *in forma pauperis* is granted. However, her motion to halt the sheriff's sale is denied and this action is dismissed pursuant to 28 U.S.C. §1915(e).

**Standard of Review**

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted. Hill v. Lappin, 630 F.3d 468, 470 (6th Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 564 (2007). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. Id. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. Id.

**Analysis**

The plaintiff's complaint fails to state a claim on which relief may be granted. First, her claims are barred by the doctrine of *res judicata*, which provides that "a final judgment on the

-2-

merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in a prior action." *In re Alfes*, 709 F.3d 631, 638 (6th Cir. 2013). Under the doctrine of *res judicata*, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997). A second suit is barred when four elements exist, there is: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action. *Id.*

The elements of *res judicata* all exist here. The Cuyahoga County Court of Common Pleas entered a valid, final judgment on the merits relating to the foreclosure and sale of the property at issue. The plaintiff and KeyBank were both parties in the state foreclosure action. The plaintiff's claims arise out of and pertain to the same "transaction or occurrence" as the state case and could have been raised in the case. Accordingly, the plaintiff's claims are barred by *res judicata*. See, e.g., *Givens v. Homecomings Financial*, Case No. 07-2359, 278 Fed. App'x 607, 609, 2008 WL 2121008, at * 2 (6th Cir. May 20, 2008) (holding that *res judicata* barred a plaintiff's Fair Debt Collection Practices Act action against a mortgagee following a state court order granting the mortgagee possession of the residence at issue).

In addition, the plaintiff's claims in this case are barred by the *Rooker-Feldman* doctrine, which provides that "lower federal courts lack subject matter jurisdiction to review the decisions of state courts." *Givens*, 278 Fed. App'x at 608-09, 2008 WL 2121008, at *1. The *Rooker-*

*Feldman* doctrine precludes an exercise of federal subject-matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.*, citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  As the Sixth Circuit held in *Givens*, *Rooker-Feldman* applies in cases like this one, where a losing party in a state foreclosure action asks a federal court to enjoin a state foreclosure-court's decision regarding the disposition of property.  The Sixth Circuit ruled in *Givens*:

> [T]he primary relief Givens requests in his complaint is a temporary injunction that would "enjoin Defendants from physically entering onto plaintiff[']s property and that would 'dispos[e] ... of any other civil or procedural action regarding the subject property." Because the point of this suit is to obtain a federal reversal of a state court decision, dismissal on the grounds of *Rooker–Feldman* was appropriate.

*Givens*, 278 Fed. App'x at 609, 2008 WL 2121008, at *2

As in *Givens*, the point of the plaintiff's action here is to enjoin the decision of the Cuyahoga County Court of Common Pleas as to the proper disposition of foreclosed property; accordingly, this action is also properly dismissed on the basis of *Rooker-Feldman*.

In that the plaintiff's complaint fails to state a claim on which this Court may grant her relief, the complaint must be dismissed upon initial screening pursuant to 28 U.S.C. §1915(e).  The plaintiff's motion for an emergency preliminary injunction is also denied.  Whether to issue a preliminary injunction is committed to the sound discretion of the district court and is based on the court's consideration of (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury; (3) whether issuance of a

preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction. *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). As discussed above, the plaintiff has failed to allege a claim on which relief may be granted by this Court; therefore, the factors do not weigh in favor of injunctive relief.

## Conclusion

For all of the reasons stated above, the plaintiff's complaint is dismissed pursuant to 28 U.S.C. §1915(e). The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: February 24, 2015                                *s/    James S. Gwin*
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE